UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:04-cr-563-T-23MAP
     8:13-cv-2813-T-23MAP

VIARQUEZ BORDEN
_____/

UNITED STATES OF AMERICA

v.  Case No. 8:04-cr-563-T-23MAP
     8:13-cv-2814-T-23MAP

ELIAS BARRIOS DeLaROSA
_____/

**O R D E R**

Borden and DeLaRosa ("the co-defendants") each move to vacate under 28 U.S.C. § 2255 (Doc. 1) and challenge the validity of their convictions for conspiring to possess and possessing with the intent to distribute five kilograms or more of cocaine while aboard a vessel, for which offense each serves 135 months. Both motions are unauthorized second or successive motions to vacate.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

In 2012 Borden's motion to vacate under Section 2255 was rejected as time-barred. (Doc. 242 in 04-cr-563) In 2007 DeLaRosa's motion to vacate under Section 2255 was denied on the merits. (Doc. 232 in 04-cr-563) Each co-defendant is precluded from pursuing a second or successive motion without permission from the circuit court. Section 2255(h) permits a circuit court to authorize a second or successive motion to vacate under two situations:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

The co-defendants fail to show that the circuit court has authorized their motions.

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

The co-defendants assert entitlement to relief under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). As shown above Section 2255(h)(2) permits a second or successive motion to vacate that asserts a claim based on a new rule of constitutional law, but only if the Supreme Court has made the new rule applicable on collateral review. *Hurtado* is a circuit court decision, not a Supreme Court decision. As a consequence, the co-defendants cannot benefit from *Hurtado*.

Additionally, *Hurtado* is factually distinguishable. The co-defendants were convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" supports the MDLEA for drug activity that occurs within a foreign country's territorial water. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to the co-defendants because each pleaded guilty and admitted that the vessel was in international water and not in a country's territorial water. "International water" is all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). In their motions to vacate, the co-defendants state that their vessel was seized at "Latitude 13.05° North – Longitude 076.25° West," which unquestionably places the vessel beyond the twelve-mile territorial limit off the coast of Columbia. Because the vessel was not within a country's territorial water, *Hurtado* is inapplicable.

Accordingly, the motions to vacate under 28 U.S.C. § 2255 (Doc. 1 in both civil cases) are **DISMISSED** as unauthorized second or successive motions to vacate. The clerk shall close both cases.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Neither co-defendant is entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

- 4 -

must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, each co-defendant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because neither co-defendant has the necessary authorization to file a second or successive motion to vacate, neither co-defendant can meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, neither co-defendant is entitled to appeal *in forma pauperis* because neither co-defendant is entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Each co-defendant in their respective civil case must pay the full $455 appellate filing fee without installments unless the circuit court permits proceeding *in forma pauperis*.

ORDERED in Tampa, Florida, on November 12, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE